```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
            Civil No. 04-2718(DSD/SRN)
```

Gerald Frank and
Charlene Frank,

      Plaintiffs,

v.                                                 **ORDER**

Household Bank, N.A., an
Illinois corporation,

      Defendant.

     This matter is before the court upon plaintiffs' objections to Magistrate Judge Susan Richard Nelson's report and recommendation dated March 15, 2005.  In her report, the magistrate judge recommends that defendant's motion to compel arbitration be granted.  After a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge in its entirety.

     On November 12, 2002, plaintiffs Gerald and Charlene Frank bought a Rainsoft water treatment system.  In connection with their purchase, they executed a number of documents including a "Rainsoft Card Program" credit agreement ("RCP Agreement") that incorporated an arbitration clause.  (See Lewis Aff. Exs. A & B.)  On April 26, 2004, plaintiffs brought an action in state court against defendants Household Bank and Rainsoft, seeking damages resulting from the allegedly defective system and alleged harassment from

Household Bank for payments due on the system. Plaintiffs' claims included fraud, breach of warranties, breach of contract and violations of the Fair Debt Collection Practices Act ("FDCPA"). On May 18, 2004, Household Bank removed the matter to federal court.

Household Bank moved to compel arbitration or, in the alternative, to dismiss plaintiffs' FDCPA claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs conceded at the motion hearing that if the RCP Agreement represented a valid contract, then the contract's arbitration clause applies. The magistrate judge concluded that the unambiguous terms of the RCP Agreement constituted a complete and valid credit agreement between plaintiffs and Household Bank. In particular, the magistrate judge found that (1) the RCP Agreement clearly identifies plaintiffs and Household Bank as the only two parties to the agreement and (2) contrary to plaintiffs' argument, no additional agreements were necessary to complete or validate the RCP Agreement. (See R&R at 8-9.)

This court reviews the reports and recommendations of the magistrate judge de novo. See 28 U.S.C. 636(b)(1)(C). Plaintiffs object to the magistrate judge's conclusion that the RPC Agreement and associated arbitration clause are valid. First, plaintiffs repeat their argument that the RPC Agreement was ambiguous as to the parties involved. The court finds, however, that the magistrate judge correctly examined the contract language and

concluded that the RPC Agreement clearly identified plaintiffs and Household Bank as the parties to the agreement. Plaintiffs also repeat their argument that the agreement required a second credit agreement to be valid and effective, citing the following contract language: "You will need to sign a credit agreement with the lender if you are approved for this financing and agree to the terms offered." (Lewis Aff. Ex. A.) However, the magistrate judge correctly noted that the cited language was preceded by an explanation of what would happen if Household Bank rejected plaintiffs' credit application. In that case, Household Bank had the right to forward plaintiffs' application to another lender. The cited language thus refers to the credit agreement that could arise with a different lender. The court finds that the interpretation recommended by the magistrate judge reflects the plain and ordinary meaning of the contract terms. For these reasons, the court rejects plaintiffs' first and second objections.

Plaintiffs also argue that the RPC Agreement is invalid because it was illegible when they signed it and that it is unenforceable as an oppressive contract of adhesion. These arguments were not raised in plaintiffs' memorandum or supplemental memorandum in opposition to defendant's motion. A plaintiff fails to preserve an issue for review by the district court if no discernible argument was made to the magistrate judge. See Madol v. Dan Nelson Auto. Group, 372 F.3d 997, 1000 (8th Cir. 2004).

Accordingly, plaintiffs cannot now raise these new arguments before the court. Even if they could, however, the arguments would fail. First, the parties have hitherto had no difficulty citing various portions of the RPC Agreement nor disagreed as to what the agreement says. The record also contains a legible copy of the signed portion of the RPC Agreement. (See Lewis Aff. Ex. A.) Therefore, plaintiffs' argument that the agreement was illegible is unsupported by the record. See TRWL Fin. Establishment v. Select Int'l, Inc., 527 N.W.2d 573, 580 (Minn. Ct. App. 1995) (looking to documents in the record to determine legibility).

Second, plaintiffs have failed to show the RPC Agreement was a contract of adhesion. In determining the adhesiveness of a contract, the court considers (1) the parties' relative bargaining power, (2) the opportunity for negotiation, (3) the availability of the service for which the parties contracted, (4) whether the service was a public necessity and (5) the parties' relative sophistication. Interfund Corp. v. O'Byrne, 462 N.W.2d 86, 89 (Minn. Ct. App. 1990). Boilerplate language alone does not create a contract of adhesion. Hauenstein & Bermeister, Inc. v. Met-Fab Indus., Inc., 320 N.W.2d 886, 891 (Minn. 1982). Here, plaintiffs assert that the arbitration clause is "terribly biased in favor of the Bank" because it allows Household Bank to choose one of three different arbitrators. The court is not persuaded that the clause is impermissibly biased.

Plaintiffs also assert that they never saw the RPC Agreement or the arbitration clause. However, the signature page of the agreement, which bears plaintiffs' signatures, explicitly states that "you agree to the terms and conditions of this Cardholder Agreement and Disclosure Statement, Form 6022-770-38-US-06 (which includes an arbitration provision) ..., which are incorporated herein by reference." (Lewis Aff. Ex. A.) The form numbered 6022-770-38-US-06 comprises the RPC Agreement and does include an arbitration provision. (See id. Ex. B.) In addition, plaintiffs do not dispute that the RPC Agreement and signature page were both included in a fold-out brochure. Plaintiffs have not explained, however, how they could have signed the signature page without seeing the RPC Agreement. Therefore, plaintiffs have failed to show that the arbitration clause should be found invalid based on their failure to see it. Plaintiffs have also not addressed the factors necessary to show a contract of adhesion. For all of the above reasons, the court overrules plaintiffs' objections to the report and recommendation.

## CONCLUSION

Therefore, after conducting a de novo review of the file and record in this matter, the court adopts the magistrate judge's report and recommendation in its entirety. Accordingly, **IT IS HEREBY ORDERED** that:

5

    1.   Defendant's motion to compel arbitration [Doc. No. 12] is granted.

    2.   Proceedings in this matter are stayed pending the outcome of arbitration.

Dated:  June 2, 2005

                                            s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court